# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

DITECH FINANCIAL LLC F/K/A GREEN TREE SERVICING, LLC,

        Plaintiff,

vs.

SFR INVESSTMENTS POOL 1, LLC; ELKHORN COMMUNITY ASSOCIATION,

        Defendants.

Case No. 2:15–cv–476–JCM–VCF

**AMENDED ORDER**

MOTION FOR PROTECTIVE ORDER (ECF NO. 65)

Before the court are SFR's motion for a protective order (ECF No. 65), Ditech's response (ECF No. 66), and SFR's reply (ECF No. 67). For the reasons stated below, the SFR's motion is granted.

**I. Background**

The parties are familiar with the factual background of this action. This court will limit its discussion to the relevant procedural background.

On or about June 14, 2016, Ditech's process server served Attorney David Rosenberg with a subpoena and deposition notice. (ECF No. 65-1) Rosenberg is SFR's in-house counsel. SFR represents that Ditech has repeatedly attempted to serve Rosenberg with a deposition subpoena, but this is the first time that the company has been successful. (ECF No. 65)

Ditech believes that Rosenberg's duties at SFR went beyond those of an ordinary in-house counsel and he was involved in SFR's day-to-day operations. (ECF No. 66) Ditech wishes to ask Rosenberg questions about SFR's management and operations. (*Id.*) SFR contends that Ditech has not made the required showing that would allow it to take the deposition of opposing counsel. (ECF No. 65) Accordingly, it has moved for a protective order to prevent Ditech from taking Rosenberg's deposition.

1

## II. Discussion

1. <u>*Shelton* Applies to this Motion</u>

Ditech argues that *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), does not prevent it from deposing opposing counsel in this action. (ECF No. 66) Ditech wishes to ask Rosenberg questions about his involvement SFR's management and operations rather than his role in this litigation. (*Id.*) Ditech does not cite to a Ninth Circuit or District of Nevada case that has held *Shelton* is inapplicable when a party wishes to depose opposing in-house counsel about corporate operations. (*Id.*) On the contrary, courts in this district have held that *Shelton* applies when a party seeks to depose opposing in-house counsel. *Harter v. CPS Sec. (USA), Inc.*, No. 2:12-cv-84-MMD-PAL, 2013 WL 129418 at* 7 (D.Nev. Jan. 9, 2013). This court applies *Shelton* to SFR's motion.

Ditech relies on *Pamida v. E.S. Originals, Inc.*, 281 F.3d 726 (8th Cir. 2002), to support its argument. (ECF No. 66) In *Pamida*, the plaintiff had settled a patent infringement action and sued her insurance company for indemnification. *Id.* at 728. The plaintiff used the same law firm in the patent action and the indemnification action. *Id.* During discovery, defense counsel sought to depose attorneys from the plaintiff's law firm. *Id.* at 729. The deposition notice stated that the defendant wished to know information about the reasonableness of plaintiff's attorney's fees in the patent action. *Id.* The Eighth Circuit held that *Shelton* did not bar defense counsel from deposing plaintiff's attorney about a "prior concluded case" for which they had unique knowledge. *Id.* at 730.

Ditech does not plan to ask Rosenberg about a "prior concluded case." (ECF No. 66) The company seeks information about the factual background of this action. As Rosenberg would not be testifying about a "prior concluded case," *Pamida* does not preclude this court from applying *Shelton*.

/// /// ///

/// /// ///

2

2.     Under *Shelton*, Ditech Has Not Shown That it Should be Allowed to Depose Rosenberg

Under certain circumstances, a party may take opposing counsel's deposition. *Shelton*, 805 F.2d at 1327. Those circumstances are limited "to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Id.*

"This difficult burden impose by *Shelton* was intended to guard against the 'harassing practice of deposing opposing counsel … that does nothing for the administration of justice but rather prolongs and increases the costs of litigation, demeans the profession, and constitutes an abuse of the discovery process.'" *Pamida*, 281 F.3d at 729-30 (quoting *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986)).

> i.     *Ditech Can Obtain Information About SFR's Management and Operations From Other Sources*

Under the first *Shelton* factor, the company was required to show that it had no other means to obtain information about SFR's management and operations. It has not made this showing.

In support of its opposition, Ditech attached a declarations from former SFR employee, Adam Bailey (ECF No. 66-1) and the deposition testimony of former SFR employee Robert Diamond. (ECF No. 66-2) Bailey and Diamond allege that Rosenberg was intimately involved with SFR's day-to-day operations. The two former employees also identified SFR employees Chris Hardin and Howard Kim as individuals who would have knowledge about SFR's management and operations. (ECF No. 66 at 7) Ditech does not explain why it cannot depose these four individuals in order to learn about SFR's management and operations. It is likely that Ditech can obtain information about SFR's management and operations from these sources and will not need to depose Rosenberg.

3

Ditech complains that SFR's Rule 30(b)(6) witness, Paulina Kelso, simply repeats publically available information about SFR's management and operations. (ECF No. 66 at 6)  Kelso's alleged inadequacy as a Rule 30(b)(6) witness does not mean that Ditech cannot obtain the desired information from other sources.  As demonstrated in its response, Ditech has identified at least four potential sources for this information.

>    ii.    *Rosenberg Likely has Relevant, But Privileged Information*

Ditech asserts that Rosenberg's information is relevant because it will help determine if SFR was a bona fide purchaser of the instant property. (ECF No. 66).  Rosenberg's information may be relevant, it is very likely that such information would also be privileged.  *See Primere Digital Access, Inc. v. Central Telephone Co.*, 360 F.Supp. 2d 1168, 1175 (D.Nev. 2005) (holding that communications between in-house counsel and other employees were protected by the attorney-client privilege under Nevada and federal law).  Although the facts on which these communications are based are not privileged, *Wardleigh v. District Court*, 891 P.2d 1180, 1183 (Nev. 1995), Ditech has not identified what specific information it wants and why that information would not be covered by the privilege.  Instead it summarily asserts that the underlying facts are not privileged and that Rosenberg can freely claim the privilege at his deposition. (ECF No. 66)  This conclusory argument does not satisfy the second *Shelton* factor.

>    iii.    *Information About SFR's Management and Operations is Not Crucial to Trial Preparation*

Ditech represents that Rosenberg's information is crucial to its defense that SFR was not a bona fide purchaser of the foreclosed property. (ECF No. 66)  This information may be relevant to Ditech's defense, but the company has not shown it is crucial.  Ditech has not cited to any authority that describes when relevant information becomes crucial. (*Id.*)  And the terms "relevant" and "crucial" cannot be

4

synonymous. To hold otherwise would be to render the third *Shelton* factor redundant. *See Shelton*, 805 F.2d at 1327 (a party seeking to depose opposing counsel must, among other requirements, show that the information is "relevant" *and* "crucial"). Thus for information to be crucial, it must have some greater importance to the action than merely being relevant. *See id.* The information Ditech seeks may be relevant, the company has not demonstrated that the information is crucial.

3. <u>This Court's Decision Does Not Rest on the Inclusion of a Rosenberg Family Photograph with the Deposition Subpoena</u>

SFR represents, and Ditech does not refute, that Rosenberg's deposition subpoena was accompanied by a photograph of a Rosenberg family photograph. (ECF No. 65) This photograph was allegedly on the cover a personal photo album that had been placed on an interior bookshelf in the Rosenberg home. (*Id.*) The photo would not have been accessible unless an individual was inside Rosenberg's home. (*Id.*) SFR speculates that Ditech instructed its process server to break into Rosenberg's home to take a photograph of this photograph. (*Id.*) Ditech denies these allegations and offers several alternative explanations for how its process server came to have a photo of a photo of the Rosenberg family. (ECF No. 66) SFR's speculation about the photo, even if true, would not provide a basis for the protection granted in this order.

ACCORDINGLY,

IT IS HEREBY ORDERED that SFR's motion for a protection order (ECF No. 65) is GRANTED.

IT IS SO ORDERED.

DATED this 9th day of August, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE