# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

GREEN TREE SERVICING, LLC, | Case No. 2:15-CV-476 JCM (VCF)
Plaintiff(s), | ORDER
v. |
SFR INVESTMENTS POOL I, LLC, et al., |
Defendant(s). |

Presently before the court is a stipulation for extension of time regarding the dispositive motions deadline. (ECF No. 103).

On February 23, 2017, the court granted SFR Investments Pool 1, LLC's ("SFR") motion for summary judgment (ECF No. 68), to which Elkhorn Community Association (the "HOA) joined (ECF No. 72), on its quiet title counterclaim (ECF No. 13) against Ditech Financial LLC f/k/a Green Tree Servicing, LLC ("Ditech"). (ECF No. 87). In light of the court's February 23rd order, the claims that remain are as follows: Ditech's claims against the HOA for breach of NRS 116.1113 and wrongful foreclosure (ECF No. 44); and the HOA's third-party complaint against Absolute Collection Services, LLC ("ACS") for breach of contract, indemnity, and contribution (ECF No. 21).

In the instant stipulation, Ditech, the HOA, and ACS (collectively, as the "parties") assert that a mediation request has been submitted to the Nevada Real Estate Division ("NRED"), but "despite the statutory requirement that NRED appoint a mediator within 60 days," NRED has yet to appoint a mediator. (ECF No. 103 at 2). The parties thus request a 90-day extension of the dispositive deadline to allow continued efforts to complete mediation. (ECF No. 103).

**James C. Mahan**
**U.S. District Judge**

As an initial matter, nothing in NRS 38.330 provides that NRED's failure to appoint a mediator within 60 days constitutes exhaustion, nor does the statute place the burden on NRED to complete mediation within a specified period of time. Rather, the burden is on the parties to either complete mediation within 60 days after the filing of a written claim or agree to extend the time to complete mediation. Specifically, subsection (1) of NRS 38.330 states that "[u]nless otherwise provided by an agreement of the parties, mediation must be completed within 60 days after the filing of the written claim." Nev. Rev. Stat. § 38.330(1).

Subsection (1) of NRS 38.310 provides, in relevant part, as follows:

> No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property . . . or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation.

Nev. Rev. Stat. § 38.310(1). Subsection (2) continues by stating that a "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." Nev. Rev. Stat. § 38.310(2).

While Ditech has submitted a request for mediation, the parties have not participated in mediation. Thus, Ditech has not exhausted its administrative remedies and must mediate certain claims—specifically, its wrongful foreclosure and breach of NRS 116.1113 claims—prior to initiating an action in court.

A "civil action" includes any actions for monetary damages or equitable relief. *See* Nev. Rev. Stat. § 38.300(3). "A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013) (citing *Collins v. Union Fed. Sav. & Loan*, 662 P.2d 610, 623 (Nev. 1983)). "The material issue in a wrongful foreclosure claim is whether 'the trustor was in default when the power of sale was exercised.'" *Turbay v. Bank of Am., N.A.*, No. 2:12-CV-1367-JCM-PAL; 2013 WL 1145212, at *4 (quoting *Collins*, 662 P.2d at 623). "Deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions or restrictions applicable to residential property." *McKnight Family, L.L.P.*, 310 P.3d at 559. "This type of

interpretation falls under NRS 38.310." *Id.* Additionally, NRS 38.310 applies to laws "contain[ing] conditions and restrictions applicable to residential property." *Id.* at 558.

Similarly, Ditech's breach of NRS 116.1113 claim alleges a NRS violation, which requires an interpretation of the regulations and statutes that contained conditions and restrictions applicable to the property so as to fall within the scope of NRS 38.310.

Consequently, Ditech must first submit these claims to mediation before proceeding with a civil action. *See e.g., U.S. Bank, N.A. v. Woodchase Condo. Homeowners Ass'n*, No. 215CV01153APGGWF, 2016 WL 1734085, at *2 (D. Nev. May 2, 2016); *Saticoy Bay, LLC Series 1702 Empire Mine v. Fed. Nat'l Mortg. Ass'n*, No. 214-cv-01975-KJD-NJK, 2015 WL 5709484, at *4 (D. Nev. Sept. 29, 2015).

Relatedly, NRS 38.350 expressly tolls the statute of limitations applicable to Ditech's claims that are subject to mediation under NRS 38.310. Specifically, NRS 38.350 provides that "[a]ny statute of limitations applicable to a claim described in NRS 38.310 is tolled from the time the claim is submitted to mediation . . . until the conclusion of mediation . . . of the claim and the period for vacating the award has expired." Nev. Rev. Stat. § 38.350. Therefore, Ditech's claims are not prejudiced by the statute's requirement that the parties participate in mediation prior to initiating an action in court.

In light of the foregoing, the court will dismiss, without prejudice, claims (3) and (4) of Ditech's complaint (ECF No. 44) for Ditech's failure to mediate pursuant to NRS 38.310. *See, e.g.*, Nev. Rev. Stat. § 38.310(1); *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555 (Nev. 2013).

Further, the court will dismiss, without prejudice, the HOA's third-party complaint (ECF No. 21) against ACS as the claims asserted therein are predicated on the outcome of Ditech's claims that are subject to mediation. Upon the conclusion of mediation, Ditech and the HOA may reassert their claims in a new case.

Accordingly,

IT IS HEREBY ORDERED that the parties' stipulation (ECF No. 103) be, and the same hereby is, DENIED.

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    IT IS FURTHER ORDERED that claims (3) and (4) of Ditech's complaint (ECF No. 44)
2 be, and the same hereby are, DISMISSED WITHOUT PREJUDICE.
3    IT IS FURTHER ORDERED that the HOA's third-party complaint against ACS (ECF No.
4 21) be, and the same hereby is, DISMISSED WITHOUT PREJUDICE.
5    The clerk is instructed to enter judgment in favor of SFR in accordance with the court's
6 February 23rd order (ECF No. 87) and close the case.
7    DATED July 13, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -